**SEQUOIA PROPERTY AND EQUIP-MENT, LIMITED PARTNERSHIP; the Hyper–Jean Property and Equipment Limited Partnership, Plaintiffs—Appellants,**

and

Wanda Jean Crisp; G Mark Crisp; Rhonda Crisp, Counter-claimants,

v.

**UNITED STATES of America, Defendant—Appellee.**

Sequoia Property and Equipment, Limited Partnership, Plaintiff-counter-defendant,

and

G Mark Crisp; Rhonda Crisp, Counter-claimants—Appellants,

v.

United States of America, Defendant-counter-claimant—Appellee.

No. 02–17432, 02–17500.
D.C. No. CV–97–05044–LJO.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2004.*

Decided May 25, 2004.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

John Wentworth Phillips, Esq., Wild Carter Tipton & Oliver, Fresno, CA, for Plaintiffs–Appellants.

Wanda Jean Crisp, Visalia, CA, pro se.

G. Mark Crisp, Visalia, CA, pro se.

Rhonda Crisp, Visalia, CA, pro se.

G. Patrick Jennings, Patricia M. Bowman, Attorney, David E. Carmack, Esq., U.S. Department of Justice, Washington, DC, for Defendant–Appellee.

John William Phillips, Wild Carter Tipton & Oliver, Fresno, CA, for Plaintiff–counter–defendant.

Before FERNANDEZ, HAWKINS and THOMAS, Circuit Judges.

## MEMORANDUM **

Mark and Rhonda Crisp ("the Crisps"), Sequoia Property and Equipment Limited Partnership ("Sequoia"), and Hyper–Jean Property and Limited Partnership ("Hyper–Jean") appeal the judgment of the district court in consolidated cases pertaining to federal income tax assessments and related matters. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

### I

■ Sequoia, and Hyper–Jean on behalf of Wanda Crisp contend that the district court lacked jurisdiction over the claims against them because the government failed to demonstrate it was authorized to file a collection action pursuant to 26 U.S.C. § 7401. Federal district courts "have such jurisdiction to make and issue in civil actions, writs and orders of injunction ... and to render such judgments and

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). This power is subject to the condition that no civil tax collection action can be brought "unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced." 26 U.S.C. § 7401. Authorization may be presumed if unchallenged, but the government must provide proof if the authorization is contested.

We lack appellate jurisdiction over Wanda Crisp's contention that the collection action against her was unauthorized because she did not file a notice of appeal and is therefore not a party to this appeal. *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 314, 318, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988). Hyper–Jean lacks standing to advance Wanda Crisp's argument on appeal. *Libby, McNeill & Libby v. City Nat. Bank*, 592 F.2d 504, 511 (9th Cir.1978).[1]

■ In the district court proceedings, neither Hyper–Jean nor Sequoia challenged the authorization of the Secretary to act. Thus, they have failed to rebut "the normal presumption of regularity that attaches to the actions of public officers." *Palmer v. IRS*, 116 F.3d 1309, 1311 (9th Cir.1997). Therefore, as a matter of law, we must presume that proper authority existed, and that the district court had jurisdiction over both partnerships.[2]

## II

■ The district court properly denied the Crisps' motion filed pursuant to Fed.

R.Civ.P. 50(b) for judgment as a matter of law. The Crisps contend that the court erred in doing so because the tax deficiencies at issue were not assessed within three years after the tax returns were filed. 26 U.S.C. § 6501(a). However, the district court correctly determined that, because the Crisps omitted more than 25% of their gross income from their tax returns, the limitations period was extended to six years pursuant to 26 U.S.C. § 6501(e)(1)(A). Moreover, the Crisps failed to provide any attachment, receipt or statement to qualify for the "safe harbor" which requires the omitted amount to be "disclosed in the return, or in a statement attached" thereto. 26 U.S.C. § 6501(e)(1)(A)(ii).

## III

■ The government's fraudulent conveyance claim against Hyper–Jean and Sequoia is not barred by the statute of limitations contained in the Federal Debt Collections Procedures Act of 1990 ("FDCPA"), 28 U.S.C. § 3001–3308. The FDCPA is not the exclusive means of collecting a debt. Indeed, the FDCPA specifically contemplates debt collection through the Internal Revenue Code. *See* 28 U.S.C. §§ 3001(b), 3003(b). Similarly, the federal government has a number of mechanisms at its disposal by which it can foreclose against property that has been fraudulently conveyed to avoid tax collection. *See, e.g.,* 26 U.S.C. § 6324(a)(2); 26 U.S.C. § 3304; 26 U.S.C. § 6901.

1. For these reasons, we also lack appellate jurisdiction over all of the other claims asserted on behalf of Wanda Crisp by Hyper–Jean.

2. In addition, sufficient jurisdiction existed over Hyper–Jean in its own right because the quiet title action, which was consolidated with the collection action, was itself an action by Hyper–Jean to establish its title to the property free and clear of the tax lien regard-

less of any collection efforts. The district court ruled on the quiet title action, and declared that Hyper–Jean could not quiet title to the property because, among other things, it was a fraudulent transferee of the property. Having lost its quiet title claim due to a fraudulent transfer, Hyper–Jean cannot contest the collection action against Wanda Crisp.

In this case, the government sued under both federal and state law to set aside conveyances and collect from the Crisps and Wanda. The underlying authority for the government's case was under the Internal Revenue Code, 26 U.S.C. §§ 7401–03, not the FDCPA. The district court relied only on state law to set aside the transfer at issue, which is permissible under the FDCPA. 28 U.S.C. § 3003(b)(1). Thus, the FDCPA time limitation does not apply to this case.

AFFIRMED.